DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Williams County Court of Common Pleas which granted summary judgment to appellee, Central Mutual Insurance Company ("Central"), in this dispute concerning underinsured motorist ("UIM") coverage. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. Appellant, Cynthia Tilley, was injured in a motor vehicle accident on October 3, 1998. On September 21, 2000, appellant filed a complaint against several defendants asserting UIM claims. On January 17, 2001, appellant filed an amended complaint which included a UIM claim pursuant to pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, against Central under a commercial general liability policy ("policy") issued to appellant's employer, Your Place, a restaurant in Bryan, Ohio. At the time of the accident, appellant was off-duty. Your Place was owned by a partnership and the policy was issued to the named insureds identified as "Teresa Pettit and Kenny Looney DBA Your Place." The policy was initially issued on May 6, 1997 and renewed on May 6, 1998.
On March 7, 2001, Central filed a motion for summary judgment. In its motion, Central argued that because the insurance policy at issue was issued to the partnership "Teresa Pettit and Kenny Looney DBA Your Place," appellant was not an insured under the policy and, thus, was not entitled to UIM coverage. Central based its argument on the Ohio Supreme Court's analysis in Scott-Pontzer, supra, in which the Court found "you" defined as the named insured ambiguous when the policy was issued to a corporation. Because the insurance policy at issue was issued to a partnership, Central argued that the named insured in the policy at issue was not ambiguous. Central also argued that within the meaning of R.C.3937.18(L)(1), effective September 3, 1997, because the policy at issue did not list, schedule or specifically identify any motor vehicles, the policy was not an "automobile liability or motor vehicle liability policy of insurance".
On May 29, 2001, appellant filed a motion for summary judgment against Central and opposed the summary judgment motion filed by Central. Reply briefs were filed by both parties. On September 28, 2001, the trial court granted summary judgment to Central. The trial court denied appellant's motion for summary judgment. Appellant filed a timely notice of appeal.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANTS [sic]."
On appeal, appellant argues first that the policy issued to Your Place provided motor vehicle coverage and, therefore, was a motor vehicle liability policy subject to R.C. 3937.18. Appellant's argument is found not well-taken on the authority of this court's decision in Burkholderv. German Mutual Ins. Co. (Mar. 15, 2002), Lucas App. No. L-01-1413, unreported.
Appellant also argues that she is an insured pursuant toScott-Pontzer, supra, under the policy issued to Your Place. Appellant's argument is found not well-taken on the authority of this court's decision in Geren v. Westfield Ins. Co. (Mar. 8, 2002), Lucas App. No. L-01-1398, unreported.
Accordingly, appellant's sole assignment of error is found not well-taken.
The judgment of the Williams County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.